IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH D. HERMAN, #B-45057,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 10-cv-564-MJR** |
| | ) | |
| **M. POWERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. §1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

On March 22, 2010 Plaintiff began experiencing suicidal thoughts, and asked Defendant Dodson for a crisis team member. This request was denied. Plaintiff then inflicted a six inch long cut on his own leg in a suicide attempt. Shortly afterwards Plaintiff pressed his emergency call button in an attempt to get medical treatment. Defendant Dodson answered the call and Plaintiff informed Defendant Dodson that he had attempted suicide. However, Defendant Dodson again denied Plaintiff's request for medical attention. Some time later Plaintiff was taken by an unnamed correctional officer to the medical ward for treatment.

Once at the medical ward Plaintiff was treated by Defendant Powers. Plaintiff was given stitches, but Defendant Powers refused to use anesthetic to numb the area. After Plaintiff was stitched up, he was taken back to his cell, where he was informed that Defendant Powers did not prescribe any pain medication.

**Discussion:**

Plaintiff alleges that Defendants Dodson and Powers showed deliberate indifference to his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th

2

Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if

> the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff alleges that Defendant Dodson was indifferent to his need to receive mental health care. The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition). Thus, Plaintiff has shown that he had a serious medical need, meeting the objective component of the inquiry. Plaintiff has also satisfied the subjective component of the inquiry. He states that he informed Defendant Dodson that he planned on attempting suicide, and separately informed the Defendant that he had in fact attempted suicide. Defendant Dodson was thus clearly aware that Plaintiff had inflicted injury upon himself, and purposely chose not to act to ensure that Plaintiff received medical care. Because Plaintiff has met both the objective as well as the subjective portions of the inquiry, this claim for deliberate indifference against Defendant Dodson cannot be

dismissed at this time.

Plaintiff next alleges that Defendant Powers was indifferent to his medical needs when the Defendant stitched Plaintiff's injury without providing anesthetic. Defendant Powers thereafter refused to provide Plaintiff with pain medication. A doctor's decision not to use anesthetic for minor medical issues, such as the removal of a splinter, a torn toe-nail, or stitching a cut, does not amount to an Eighth Amendment claim. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)(the listed medical issues are not the type of barbaric treatment the Eighth Amendment was intended to prevent). Allegations of improper or inadequate care do not rise to an Eighth Amendment level. *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995).

Although Plaintiff's cut may have been a serious injury, he received treatment for it from Defendant Powers, even if it wasn't the treatment Plaintiff would have liked to have received. Even if Defendant Power's decision not to use anesthetic amounts to medical malpractice, this is not enough to raise an Eighth Amendment claim, as the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes* 95 F.3d at 590 ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Plaintiff has not shown that Defendant Power's decision not to provide anesthetic nor pain medication constituted cruel and unusual punishment. As a result, this claim is dismissed against Defendant Powers with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendant **POWERS** is **DISMISSED** from this action

with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendant **DODSON** (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to Defendant's work address or employer address as provided by Plaintiff. If Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on Defendant and will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendant or his counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED January 26, 2011**

    s/ Michael J. Reagan
    **MICHAEL J. REAGAN**
    **United States District Judge**